33 So.2d 386

**MONTGOMERY v. STATE.**

**6 Div. 424.**

*Court of Appeals of Alabama.*

· Jan. 13, 1948.

Wm. Conway, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was found guilty by a jury and so adjudged by the court, of the offense of bigamy.

The evidence is undisputed that he married one Mabel Harris on 16 January 1939, and that on 11 August 1944 he married Bertie Mae Cornett. Both marriages occurred in Jefferson County, and the same minister officiated at both ceremonies. No decree of divorce had dissolved the first marriage at the time of the second ceremony.

In the trial below the defendant sought to establish facts that would bring his conduct within the provisions of Section 48, Title 14, Code of Alabama 1940, which excepts from the operation of the Statute concerning bigamy (Sec. 47, Title 14, Code of Alabama 1940) "any person who, at the time of such second marriage, did not know that his or her former husband or wife was living, and whose former husband or wife had remained absent from him or her for the last five years preceding such second marriage."

The defendant testified that he lived with the first wife for only a period of five months after the marriage. He then left this State and went to the State of Washington, returning to Alabama in 1944. He had signed preliminary papers looking toward a divorce prior to his departure.

The defendant himself testified that he had talked to a son of the first wife or her daughter-in-law in 1942 in the State of Washington and had then been informed that the first wife was living.

The State introduced witnesses whose testimony tended to establish that the defendant had lived at an address in Birmingham with his first wife for about a year in 1942. The defendant denied that he had ever lived at such address with the first wife.

Purely a question of fact was thus presented for determination by a jury as to whether the defendant and his first wife had not lived together as man and wife as late as 1942, a date well within the five year period of the absence claimed by the defendant to bring his conduct within the exception provided by Section 48, Title 14, Code of Alabama 1940. No reason therefore arises to even consider whether the first wife was "absent" from the defendant as such term is used in the Statute.

We have found no rulings of the trial court relative to the admission or exclusion of evidence which in our opinion constituted error. Counsel for appellant argues strenuously that the court did err in sustaining the State's objection to a question propounded on cross examination to Mrs. Annie Clark, another resident at the address 2615 Clairmont Avenue. Mrs. Clark had given corroborating testimony to the effect that the defendant and his first wife had lived at that address for some time during 1942, and possibly 1943.

During the cross examination of this witness the record shows the following:

"Q. And the other side of the building, there is that Negro Housing Project, isn't it?

"Mr. Deason: We object to that, if the court please.

"The Court: Yes, I don't see—if it is 2615 Clairmont Avenue—a description of

the neighborhood would be material. Sustain the objection.

"Mr. Conway: We reserve an exception and offer to prove the location. We do it for the position there of proving the location of the premises and because the defendant, himself, says he never lived there."

This witness having given definite testimony as to the exact address of the apartment building, further examination as to the location of neighboring buildings would be immaterial, and the court's action in sustaining the objection to this line of questioning could not have affected the substantial rights of the defendant in this case nor be considered an abuse or unreasonable limitation of the defendant's right of broad latitude in cross examination.

In our opinion this record is free of error, and is due to be affirmed. It is so ordered.

Affirmed.